UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID KOCHER,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

Defendant.

Case No. 3:16-cv-00340-RCJ-WGC

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is the Commissioner's Motion to Dismiss. (Electronic Case Filing (ECF) No. 8.) Plaintiff did not file a response.

After a thorough review, the court recommends that the Commissioner's motion be granted.

## I. BACKGROUND

The Commissioner moves to dismiss the complaint on the grounds that the Court lacks jurisdiction, and Plaintiff fails to state a claim upon which relief may be granted. (ECF No. 8.)

On June 4, 2010, Plaintiff applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Declaration of Nancy Chung[1], ECF No. 8-2 ¶3(a).) The applications were denied at the initial and reconsideration levels. (*Id*.) Plaintiff filed a request for a hearing, and an

---

[1] Ms. Chung is the Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, and processes claims under Titles II and XVI of the Social Security Act whenever a civil action is filed in the State of Nevada.

Administrative Law Judge (ALJ) issued an unfavorable decision on February 2, 2012. (*Id*.) The decision was remanded by the Appeals Council by order dated July 25, 2012. (*Id*.) Then, on April 10, 2013, an ALJ issued another unfavorable decision. (*Id*.; ECF No. 8-3.) On October 6, 2014, the Appeals Council denied Plaintiff's request for review. (*Id*. ¶ 3(b); ECF No. 8-4.) On November 25, 2014, Plaintiff filed a civil action in the United States District Court for the District of Nevada, Case 3:14-cv-00608-MMD-VPC.  The court affirmed the Commissioner's decision finding Plaintiff not disabled on November 9, 2015. (3:14-cv-00608-MMD-VPC, ECF No. 16.)

On November 14, 2014, Plaintiff filed new applications for Title II and Title XVI benefits. (Chung Decl., ECF No. 8-2 ¶ 3(d).) The Title II claim was denied at the initial level on November 21, 2014. (ECF No. 8-5.) Benefits were awarded on the Title XVI claim on July 17, 2015. (ECF No. 8-6.) On June 16, 2016, Plaintiff filed the instant action which contests the denial of the 2014 DIB application under Title II of the Social Security Act, and asks the court to award him benefits back to 2009, his original alleged onset date. (ECF No. 4 at 3.)

## II. DISCUSSION

The administrative process for a Social Security claim begins when a person files a claim with the Social Security Administration. 20 C.F.R. § 404.900(a)(1). If the claim is denied administratively, the claimant may seek reconsideration within sixty days of the date of receipt of the notice of the initial determination (or seek an extension of time for reconsideration in writing supported by good cause). 20 C.F.R. §§ 404.900(a)(2), 404.907, 404.909(a). If reconsideration is denied, the claimant has sixty days to request a hearing before an ALJ. 20 C.F.R. § § 404.900(a)(3),404.929-943; 42 U.S.C. § 405(b). If the ALJ's determination is unfavorable, the claimant may seek review by the Appeals Council. 20 C.F.R. § § 404.900(a)(4), 404.968-982. If the Appeals Council makes an unfavorable finding, the claimant may then seek judicial review within sixty days. 42 U.S.C. 405(g); 20 C.F.R. § § 404.900(a)(5), 404.981.

42 U.S.C. § 405(g) is the only jurisdictional basis for judicial review of administrative actions for benefits under Titles II and XVI of the Social Security Act. It provides for judicial review of a "final decision" of the Commissioner made after a hearing to which the claimant was

a party.

For a decision to be "final," it must be presented to the Commissioner, and there must be "complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)). Thus, a claimant must exhaust administrative remedies by completing the administrative review process described above prior to seeking federal judicial review. *See Califano v. Sanders*, 430 U.S. 99, 101-02 (1977). Again, judicial review must be "commenced within sixty days after the mailing to [the claimant] of notice" of the final decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Here, Plaintiff's 2014 Title II application was denied administratively on November 21, 2014. Plaintiff did not timely seek reconsideration of the initial determination. 20 C.F.R. § § 404.907, 404.909(a). Under the regulations, the initial determination is then binding. 20 C.F.R. § 404.905. Nor did Plaintiff request or appear for a hearing, and as such, he did not seek review of an ALJ decision by the Appeals Council. Therefore, Plaintiff did not exhaust his administrative remedies as he was required to do before filing suit relative to the 2014 Title II claim for benefits.

As the Commissioner points out, if Plaintiff intended this action to be an appeal of the Court's November 9, 2015 decision affirming the Commissioner in Case 3:14-cv-00608-MMD-VPC with respect to his 2010 Title II application, the appeal is untimely, as it was required to have been filed within sixty days of that decision. Fed. R. App. P. 4(a)(1)(B).

The court finds that Plaintiff failed to exhaust his administrative remedies with respect to his 2014 application for benefits; therefore, the court is without jurisdiction to hear this action.

Nevertheless, the court will attempt to further explain to Plaintiff why he may not now file an action to recover benefits for the period of the original alleged onset of disability in 2009 until he was awarded SSI benefits (with back payments commencing December 2014). (*See* ECF No. 8-6 at 1).

First, insofar as Plaintiff's 2010 application for benefits is concerned, the court affirmed the ALJ's conclusion that Plaintiff was not disabled through the date of her April 10, 2013 decision in Case 3:14-cv-00608-MMD-VPC. That decision is *res judicata*, which means that

because Plaintiff did not timely appeal the court's decision, the court cannot now revisit the issue of Plaintiff's disability prior to April 10, 2013. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" A party cannot now re-litigate an issue that was raised in the prior action.). Therefore, this forecloses the issue of Title II DIB benefits up to the date of the ALJ's April 10, 2013 decision.

Second, the issue of the recovery of Title II DIB benefits based on Plaintiff's November 2014 application is foreclosed because Plaintiff did not timely seek review of the agency's initial determination of that claim.

Finally, with respect to the SSI benefits that were awarded based on the November 2014 application, SSI benefits may not be paid prior to the month following the month the application for SSI benefits is filed. As a result, there can be no payment of SSI benefits prior to December 2014, which is the month after November 2014, when Plaintiff filed his application. *See* 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.335.

In conclusion, the court finds that this action should be dismissed for lack of subject matter jurisdiction.

///

///

///

///

///

///

///

///

///

///

///

///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** the Commissioner's motion to dismiss for lack of subject matter jurisdiction.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: December 21, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE